## MARION CHILDS *v.* THE STATE.

1. NEW TRIAL — PRACTICE.— By the Revised Code of Procedure, article 781, the State is now enabled to take issue on the causes assigned for a new trial by the defense, and in determining the issue the trial judge is required to hear evidence " by affidavit or otherwise; " and this authorizes him to receive oral proof.

2. NEWLY-DISCOVERED EVIDENCE — DILIGENCE.— Want of diligence in the discovery of evidence by the defendant is not excused on account of his confinement in jail, unless it be further shown that he had no one outside to render him the necessary assistance.

3. NEW TRIAL.— By the Code of Procedure, article 777, new trials in felony cases are positively interdicted for any cause other than those specified in the same article. Surprise occasioned by the testimony of a witness is not among the causes specified, and therefore is not cause for a new trial.

4. SURPRISE resulting from unexpected testimony may, notwithstanding the trial is in progress, be cause for the continuance of the case or a postponement of the trial, provided the motion therefor is opportunely interposed.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. GUSTAVE COOK.

The indictment charged the appellant with an assault upon one Bell Faulkner, on September 19, 1880, with intent to murder, etc.

Faulkner, it appears, engaged in a squabble and slight scrimmage with his wash-woman, and she summoned to her assistance her youthful son, who appeared at the scene accompanied by the appellant. A general quarrel ensued between Faulkner on the one side and the lady, her son and the appellant on the other. According to Faulkner's evidence, the appellant advanced upon him with an open pocket-knife, and he picked up a piece of scantling to defend himself. After more quarreling, Faulkner turned and walked off a little distance and stopped to talk with a female friend, when the appellant attacked him from the rear and cut him severely with his knife. Another witness for the State gave the same version of the facts.

The wash-woman and her son, testifying for the defense, stated the matter differently. According to them the appellant was menaced by Faulkner with the stick before he resorted to his pocket-knife.

*John Lovejoy*, for the appellant.

*O. S. Eaton*, Acting Assistant Attorney General, for the State.

Winkler, J. This is an appeal from a conviction of an assault with intent to murder, the punishment imposed being confinement in the State penitentiary for two years. After the trial and conviction, the defendant moved for a new trial on two grounds; 1, newly-discovered testimony, an 1 2, surprise in being deceived by the testimony of one of his own witnesses, who, it is alleged, had induced him to believe he would have sworn differently from what he testified to on the trial. These being the grounds of the motion, the court below on hearing the motion heard the evidence of the persons whose affidavits were offered in support of the motion

for a new trial, as well as that of other witnesses, and overruled the motion.

There is a new provision of the Code of Procedure, in regard to procedure on applications for new trials, which is as follows: "The State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial, and in such case the judge shall hear evidence, by affidavit or otherwise, and determine the issue." Code Crim. Proc. art. 781. Under the provisions of this article, the court was authorized to hear evidence in determining whether to grant a new trial or not. *Reynolds* v. *State,* 7 Texas Ct. App. 516; *Rucker* v. *State, id.* 549.

As to that feature of the motion for a new trial based on the ground of newly-discovered evidence, we are of opinion the application was insufficient in two particulars,— diligence and materiality. *White* v. *State,* decided at the present term of the court, and the rules of law governing new trials on the ground of newly-discovered evidence there collated *(ante,* p. 167); *Thomason* v. *State,* 2 Texas Ct. App. 550, and cases cited. The fact that the defendant has been confined in jail will not excuse a want of proper diligence in preparing for a trial, unless it be shown that he had no one not so confined who could have rendered the necessary assistance. *Thomason* v. *State,* cited above.

As to that portion of the motion for a new trial which is based on the ground of surprise at the testimony of one of the witnesses, it is sufficient to say that, whilst the law has made provision for such a contingency, the remedy afforded is not by granting a new trial, this not being embraced within the grounds for which a new trial will be granted. The Code has prescribed the grounds upon which new trials may be granted, and, except on those enumerated, it is declared new trials shall not be granted. Code Crim. Proc. art. 777.

. When the surprise occurred, the defendant should have applied for a continuance or a postponement of the trial. The Code of Procedure declares that "a continuance may be granted on the application of the State or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had; or the trial may be postponed to a subsequent day of the term." We do not undertake to say that the surprise here complained of would have been sufficient to have warranted a continuance of the case or a postponement of the trial; but, if this were so, then it became the duty of the defendant to apply to the court for either a continuance or postponement, and not to pass it by and depend upon a new trial to enable him to counteract the effect of the surprise. He should have acted at the time and in the manner prescribed by law, and not having done so, he cannot now be heard to complain. Code Crim. Proc. art. 568; *Higginbotham* v. *State,* 3 Texas Ct. App. 447; *Walker* v. *State,* 7 Texas Ct. App. 245. There was no error in overruling the defendant's motion for a new trial. This being the error specially complained of, and finding no other error in the proceedings, the judgment must be affirmed.

*Affirmed.*